ACCEPTED
01-12-00050-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/9/2015 5:34:23 PM
CHRISTOPHER PRINE
CLERK

**No. 01-12-00050-CV**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/9/2015 5:34:23 PM

CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals for the
First District of Texas at Houston

CITY OF HOUSTON,

*Appellant*

v.

RANDALL KALLINEN AND PAUL KUBOSH,

*Appellees*

On Appeal from the 295th District Court of Harris County, Texas
Trial Court Cause No. 2008-75633
Honorable Caroline Baker, Presiding Judge

**Supplemental Brief of Appellant**

Donna L. Edmundson
City Attorney

Judith L. Ramsey
Chief, General Litigation Section

Fernando De Leon
Senior Assistant City Attorney
SBN: 24025325
CITY OF HOUSTON LEGAL
DEPARTMENT
900 Bagby Street, 4th Floor
Houston, Texas 77002
832.393.6491 (telephone)
832.393.6259 (facsimile)
fernando.deleon2@houstontx.gov

***Attorneys for Appellant***

***Oral Argument Requested***

## Identity of Parties and Counsel

| | |
|---|---|
| **Appellant:** | **Trial & Appellate Counsel:** |
| City of Houston | Judith L. Ramsey<br>Fernando De Leon<br>CITY OF HOUSTON LEGAL DEPARTMENT<br>900 Bagby Street, 4th Floor<br>Houston, Texas 77002<br>832.393.6491 (telephone)<br>832.393.6259 (facsimile)<br>judith.ramsey@houstontx.gov<br>fernando.deleon2@houstontx.gov |
| **Appellees:** | **Trial & Appellate Counsel:** |
| Randall Kallinen<br>and Paul Kubosh | Joseph R. Larsen<br>SEDGWICK LLP<br>1200 Smith Street, Suite 1600<br>Houston, Texas 77002<br>832.426.7020 (telephone)<br>877.527.1451 (facsimile)<br>joseph.larsen@sedgwicklaw.com<br><br>David A. Furlow<br>LAW OFFICE OF DAVID A. FURLOW, P.C.<br>4126 Rice Boulevard<br>Houston, Texas 77005<br>713.202.3931 (telephone)<br>866.382.0147 (facsimile)<br>dafurlow@gmail.com |

# Table of Contents

**Page**

Identity of Parties and Counsel ..................................................................ii

Index of Authorities ................................................................................ vii

Record and Appendix Reference Key ........................................................ x

Statement of the Case.............................................................................. xi

Statement Regarding Oral Argument ...................................................... xii

Issues Presented ..................................................................................... xii

Introduction and Overview....................................................................... 1

Statement of Facts.................................................................................... 2

    A.    Only Kallinen submits TPIA Requests to City............................ 2

    B.    City releases 82% of requested documents................................. 2

    C.    Appellees sue City. ................................................................... 3

    D.    Appellees ensure Attorney General does not rule on City's proper request........................................................................... 4

    E.    Trial court grants partial summary judgment to Appellees; City releases all documents held not excepted from disclosure. ............................................................................... 4

    F.    Trial court holds attorney fees hearing; enters final judgment for Appellees. ........................................................................... 5

    G.    City files plea and new trial motion contesting jurisdiction and fee award. ......................................................................... 6

    H.    Trial court modifies judgment, dismisses Kubosh, awards fees only to Kallinen ............................................................... 6

    I.    This Court rules for City; Texas Supreme Court disagrees. .......... 8

Summary of Argument............................................................. 8

Argument ................................................................................ 11

I.    The trial court erred by denying the City's plea and otherwise had no subject-matter jurisdiction over Appellees' claims. .......................... 11

    A.    The trial court had no subject-matter jurisdiction because Appellees' TPIA mandamus and attorney fee claims were not justiciable. ...................................................... 11

        1.    Appellees' TPIA mandamus and attorney fee claims were no longer justiciable at the time of final judgment because they were mooted when the City, prior to final judgment, produced all withheld documents that the trial court ordered the City to disclose. ........................ 11

        2.    As a result, the trial court had no subject-matter jurisdiction because Appellees' TPIA mandamus and attorney fee claims were not justiciable at the time of final judgment. ............................................. 13

    B.    The trial court also had no subject-matter jurisdiction because all Appellees' claims are barred by immunity................ 15

        1.    Appellees' TDJA claims are barred by immunity because they are redundant and duplicative of their TPIA claims. .............................................................. 15

        2.    Appellees' TPIA mandamus claims are also barred by immunity because the TPIA does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer. ............. 17

        3.    Appellees' TDJA claims are likewise barred by immunity because the TDJA also does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer. ..... 20

        4.    As a result, the trial court also had no subject-matter jurisdiction because all Appellees' claims are barred by immunity. ................................................................. 21

II.   The trial court erred by awarding attorney fees to Appellees because there was no evidence or insufficient evidence to support any award of fees to them. ...................................................... 22

    A.   Kallinen was not entitled to any award of attorney fees because he did not actually incur any attorney fees—as Kubosh incurred all the claimed fees. ........................................ 22

    B.   Appellees were not entitled to any award of attorney fees because they failed to properly segregate recoverable (alleged) fees from non-recoverable (alleged) fees. ..................... 24

    C.   Appellees offered no evidence or insufficient evidence to support the amount of the award of attorney fees. ..................... 25

III.   The trial court also had no subject-matter jurisdiction over Kubosh's claims; Kubosh's TPIA mandamus and attorney fee claims were never justiciable due to lack of ripeness and standing because he never submitted any TPIA request to the City. .................. 28

Conclusion and Prayer ............................................................................ 29

Certificate of Compliance ....................................................................... 30

Certificate of Service .............................................................................. 31

Appendix

    A.   Order on Plaintiffs' Summary Judgment (dated October 12, 2009) (CR.582)

    B.   Order Granting Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Partial Motion for Summary Judgment on Conceded Documents (dated October 12, 2009) (CR.583-85)

    C.   Order (dated December 8, 2009) (CR.931-32)

    D.   Order on City's Motion to Strike Paul Kubosh (dated March 1, 2010) (CR.969)

    E.   Final Judgment (dated October 12, 2011) (CR.1094-95)

F.   Order (dated January 5, 2012) (CR.1208)

G.   Amended Final Judgment (dated July 12, 2012) (CR[2].17-18)

H.   First Court of Appeals Judgment and Opinion (dated August 29, 2013)

I.   Supreme Court Judgment and Opinion (dated March 20, 2015)

J.   Order for Supplemental Briefing On Remand

# Index of Authorities

**Page(s)**

## Cases

*A & T Consultants, Inc. v. Sharp*,
904 S.W.2d 668 (Tex. 1995)..................................................................... 18

*BHP Petroleum Co., Inc. v. Millard*,
800 S.W.2d 838 (Tex. 1990)..................................................................... 16

*Bonham State Bank v. Beadle*,
907 S.W.2d 465 (Tex. 1995)..................................................................... 15

*Chenault v. Phillips*,
914 S.W.2d 140 (Tex. 1996)..................................................................... 15

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009)........................................................ 18, 19, 20

*City of Houston v. Kallinen*,
414 S.W.3d 815 (Tex. App.—Houston [1st Dist.] 2013), *rev'd*, 462
S.W.3d 25 (Tex. 2015) ................................................................................ xi

*City of Houston v. Texan Land & Cattle Co.*,
138 S.W.3d 382 (Tex. App.—Houston [14th Dist.] 2004, no pet.)............ 16

*DaimlerChrysler Corp. v. Inman*,
252 S.W.3d 299 (Tex. 2008)..................................................................... 14

*Guthrie v. Garcia*,
352 S.W.3d 307 (Tex. App.—Houston [14th Dist.] 2011, no pet.). 18, 19, 20

*Int'l Grp. P'ship v. KB Home Lone Star L.P.*,
295 S.W.3d 650 (Tex. 2009)..................................................................... 12

*Jackson v. State Office of Admin. Hearings*,
351 S.W.3d 290 (Tex. 2011)........................................................ 16, 17, 23

*Kallinen v. City of Houston*,
462 S.W.3d 25 (Tex. 2015)........................................................................ xi

*M.D. Anderson Cancer Center v. Novak*,
   52 S.W.3d 704 (Tex. 2001)....................................................................... 13

*MBM Fin. Corp. v. Woodlands Operating Co.*,
   292 S.W.3d 660 (Tex. 2009)..................................................................... 16

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
   253 S.W.3d 653 (Tex. 2008)..................................................................... 21

*Patel v. Tex. Dep't of Licensing & Regulation*,
   469 S.W.3d 69 (Tex. 2015)....................................................................... 16

*Patterson v. Planned Parenthood of Houston*,
   971 S.W.2d 439 (Tex. 1998)..................................................................... 14

*Rapid Settlements, Ltd. v. Settlement Funding, LLC*,
   358 S.W.3d 777 (Tex. App.—Houston [14th Dist.] 2012, no pet.)............ 24

*Reata Const. Corp. v. City of Dallas*,
   197 S.W.3d 371 (Tex. 2006)..................................................................... 21

*State Bar of Tex. v. Gomez*,
   891 S.W.2d 243 (Tex. 1994)..................................................................... 14

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
   852 S.W.2d 440 (Tex. 1993)........................................................ 13, 14, 15

*Tex. Dep't of State Health Servs. v. Holmes*,
   294 S.W.3d 328 (Tex. App.—Austin 2009, pet. denied) .......................... 20

*Tex. Dep't of Transp. v. Jones*,
   8 S.W.3d 636 (Tex. 1999) ........................................................................ 21

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*,
   74 S.W.3d 849 (Tex. 2002)....................................................................... 21

*Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*,
   408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.)................. 11, 12, 13, 16

*Tony Gullo Motors I, L.P. v. Chapa*,
   212 S.W.3d 299 (Tex. 2006)..................................................................... 24

*Williams v. Lara*,
   52 S.W.3d 171 (Tex. 2000)................................................................14, 15

**Constitution and Statutes**

Tex. Const. art. XI, § 5 ......................................................................... x

Tex. Gov't Code § 311.034 ................................................................ 21

Tex. Gov't Code § 552.003 .............................................................18, 28

Tex. Gov't Code § 552.221 ............................................................... 17

Tex. Gov't Code § 552.321 .............................................................18, 28

Tex. Gov't Code § 552.323 ......................................................... 11, 22, 26

Tex. Loc. Gov't Code § 9.008 .............................................................. x

## Record and Appendix Reference Key

All record and appendix items are cited as follows:

| | |
|---|---|
| "CR.[page]" | Clerk's Record (filed January 26, 2012). |
| "CR[1].[page]" | 1st Supplemental Clerk's Record (filed June 6, 2012). |
| "CR[2].[page]" | 2nd Supplemental Clerk's Record (filed August 17, 2012). |
| "CR[3].[page]" | 3rd Supplemental Clerk's Record (filed April 12, 2013). |
| "CR[4].[page]" | [4th] Supplemental Clerk's Record (filed June 5, 2013, but without designation as the "4th" supplement). |
| "RR[1].[page]" | Reporter's Record of October 6, 2010 trial court hearing on Appellees' attorney fee claim. |
| "RR[2].[page]" | Reporter's Record of the December 12, 2011 trial court hearing on the City of Houston's motion for new trial and plea to the jurisdiction. |
| "Ex. [number or letter]" | Exhibits to a specified Reporter's Record. |
| "App. [letter]" | Items in the attached Appendix. |

## Statement of the Case

*Nature of the case:*     Randall Kallinen [Kallinen] and Paul Kubosh [Kubosh] sued the City of Houston [City][1] seeking mandamus relief under the Texas Public Information Act [TPIA] to compel release of documents and declaratory relief under the Texas Declaratory Judgment Act [TDJA] to declare that release is required. CR.2-8, 30-38.

*Course of proceedings*:     Kallinen and Kubosh [Appellees] filed a motion for partial summary judgment. CR.648-54. On October 12, 2009, the trial court granted in part and denied in part Appellees' motion and ordered the City to disclose certain documents. CR.582-85; App. A; App. B. On October 12, 2011, the court entered a final judgment reiterating its summary judgment ruling and awarding attorney fees to Appellees jointly. CR.1094-95; App. E.

The City filed a motion for new trial and plea to the jurisdiction. CR.1103-47. On January 5, 2012, the trial court denied the City's plea and granted in part and denied in part the City's motion. CR.1208; App. F.[2]

---

[1] The City is a Texas home-rule city operating under a municipal charter pursuant to Article XI, Section 5, of the Texas Constitution. *See* Tex. Const. art. XI, § 5. In accordance with Section 9.008(b) of the Texas Local Government Code, the City respectfully requests this Court to take judicial notice of its published charter and status thereunder as a home-rule city. *See* Tex. Loc. Gov't Code § 9.008(b).

[2] In its original brief in this appeal (prior to the Supreme Court's ruling), the City addressed issues relating to the trial court's original final judgment in an abundance of caution given that it did learn that the trial court entered a modified final judgment until the day it filed its original appeal brief. Although the modified final judgment is at issue here, the City addresses issues relating to Kubosh also in an abundance of caution in the event that this Court's September 3, 2015 order (App. J) allowing supplemental briefing by the parties does not contemplate the filing of a responsive brief by the City to Appellees' supplemental brief. In addition, for the same reason, to the extent that any of the City's arguments as to Kallinen also apply to Kubosh, the City addresses those arguments as to Appellees.

| | |
|---|---|
| *Trial court disposition:* | On July 12, 2012, the trial court entered a modified final judgment dismissing Kubosh due to lack of standing and awarding attorney fees only to Kallinen. CR[2].17-18; App. G. The City timely appealed. CR.1213-14; CR[5].29-30. |
| *Prior judgments by this Court and Supreme Court:* | This Court reversed the trial court's order denying the City's plea and rendered judgment dismissing Appellees' claims against the City for want of jurisdiction. *See City of Houston v. Kallinen*, 414 S.W.3d 815 (Tex. App.—Houston [1st Dist.] 2013), *rev'd*, 462 S.W.3d 25 (Tex. 2015); App. H. The Texas Supreme Court reversed this Court's judgment and remanded to this Court for further proceedings in accordance with its opinion. *See Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015); App. I. |
| *Current procedural posture:* | On September 3, 2015, this Court entered an order allowing the parties to file supplemental briefing to aid this Court's consideration of the issues on remand. App. J. |

## Statement Regarding Oral Argument

The City respectfully requests that the Court hear oral argument in this appeal to allow the parties an opportunity to simplify and focus the issues for the Court's consideration.

## Issues Presented

The trial court erred in denying the City's plea to the jurisdiction and motion for new trial for the following reasons:

1. The trial court had no subject-matter jurisdiction over Appellees' claims.

   a. The trial court had no subject-matter jurisdiction over Appellees' TPIA mandamus and attorney fee claims because they were no longer justiciable at the time of final judgment; they were mooted when the City, prior to final judgment, produced to Kallinen all withheld documents that the trial court ordered the City to disclose.

   b. The trial court also had no subject-matter jurisdiction because all Appellees' claims are barred by immunity.

      i. Appellees' TDJA claims are barred by immunity because they are redundant and duplicative of their TPIA claims.

      ii. Appellees' TPIA mandamus claims are also barred by immunity because the TPIA does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer.

      iii. Appellees' TDJA claims are likewise barred by immunity because the TDJA likewise also does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer.

2. The trial court erred by awarding attorney fees to Appellees because there was no evidence or insufficient evidence to support any award of fees to them.

   a. Kallinen was not entitled to any award of attorney fees because he did not actually incur any attorney fees—as Kubosh incurred all the claimed fees.

   b. Appellees offered no evidence or insufficient evidence to support the amount of the award of attorney fees.

3. The trial court also had no subject-matter jurisdiction over Kubosh's claims; Kubosh's TPIA mandamus and attorney fee claims were never justiciable due to lack of ripeness and

standing because he never submitted any TPIA request to the City.

## Introduction and Overview

After the City released most of the documents that Kallinen requested relating to the City's red light traffic camera system under the TPIA, Appellees sued the City seeking mandamus relief (as well as attorney fees) under the TPIA to compel disclosure of documents that the City withheld based on TPIA disclosure exceptions. They filed their suit against the City, not a City official. They also sought redundant and duplicative declaratory relief (as well as attorney fees) under the TDJA to declare that disclosure is required. Kubosh joined the suit despite the fact that only Kallinen submitted any TPIA request to the City.

In late 2009, the trial court ruled on the TPIA exceptions asserted by the City, and the City immediately complied by producing all documents that the trial court ruled were not excepted from disclosure. In late 2011, the trial court entered a final judgment which included an attorney fee award jointly to Appellees. Later, in mid-2012, after the City filed a motion for new trial and plea to the jurisdiction, the trial court entered modified final judgment dismissing Kubosh for lack of standing and awarding attorney fees only to Kallinen.[3] But as a result of the City's production of all documents that the trial

---

[3] In its original brief in this appeal, given that it did not learn that the trial court entered a modified final judgment until the day it filed that brief, the City addressed issues relating to

court ordered the City to disclose, Kallinen's claims were all rendered moot prior to final judgment and he was entitled to no attorney fee award. As a result, all Kallinen's claims should be dismissed for lack of subject matter jurisdiction and the fee award to him should be reversed and rendered in the City's favor.

## Statement of Facts

### A. Only Kallinen submits TPIA Requests to City.

In November and December 2008, Kallinen submitted four email requests to the City pursuant to the TPIA requesting release of documents relating to the City's red light traffic camera system. CR.41-48. Kubosh did not submit to the City any TPIA request for documents. CR.75, 194, 322, 607, 674, 746-47, 920, 1001; CR[1].139, 258, 262; RR[1].28, 54. Kallinen's requests did not mention or reference Kubosh. CR.41-48.

### B. City releases 82% of requested documents.

The City released approximately 3,235 pages of documents to Kallinen pursuant to his requests (about 82% of all responsive documents). CR.398,

the trial court's original final judgment in an abundance of caution. Although the modified final judgment is at issue here, the City addresses issues relating to Kubosh also in an abundance of caution in the event that this Court's September 3, 2015 order allowing supplemental briefing by the parties does not contemplate the filing of a reply brief by the City. In addition, for the same reason, to the extent that any of the City's arguments as to Kallinen would also apply to Kubosh, the City addresses those arguments as to both.

541-68, 586, 746, 825, 883, 890, 901, 908, 1054, 1071. The City withheld only about 700 pages of documents based primarily on TPIA disclosure exceptions for materials protected by the deliberative process privilege and attorney-client privilege. CR.398, 586, 746, 825, 883, 890, 901, 908, 1054, 1071. The City also timely requested a ruling by the Texas Attorney General on application of the exceptions. CR.75, 80, 81-83, 86-91, 194, 199-202, 205-10, 321, 326-29, 334-39, 399, 421-27, 587, 607, 746-47, 867, 919-20, 1054, 1071.

## C.    Appellees sue City.

On December 26, 2008, both Appellees sued the City seeking mandamus relief under the TPIA to compel disclosure of all the documents that Kallinen sought in his four requests to the City and declaratory relief under the TDJA to declare that disclosure is required. CR.2-8, 30-38. Appellees filed suit: (1) less than two weeks after Kallinen's fourth request to the City, (2) before the City completed all its submissions to the Attorney General supporting TPIA exceptions for the withheld documents, (3) before the Attorney General had an opportunity to complete its review of the City's submissions and issue its ruling, and (4) despite the fact that Kubosh never requested any documents from the City. CR.2-8, 30-38, 41-48, 75, 80-83, 86-91, 176-77, 194, 199-202, 205-10, 321, 326-29, 334-39, 341-42, 399, 421-27, 429-34, 587, 607, 746-47, 867, 919-20, 1054, 1071, 1110-11, 1135-36, 1139-42, 1186-87.

**D. Appellees ensure Attorney General does not rule on City's proper request.**

On January 30, 2009, Appellees (through their counsel) sent an email to the Attorney General's office requesting that it decline to issue a ruling, despite the City's proper request, based on the pendency of their recently-filed lawsuit against the City. CR.399, 428-30, 1110, 1135-36. On December 16, 2008, and January 8, 2008, the Attorney General sent letters to the City declining to issue any ruling and instead deferring to the trial court to decide whether the withheld documents were excepted from disclosure under the TPIA. CR.176-77, 341-42, 399, 431-34, 1110-11, 1139-42, 1186-87.

**E. Trial court grants partial summary judgment to Appellees; City releases all documents held not excepted from disclosure.**

On September 14, 2009, Appellees filed a motion for partial summary judgment arguing that the withheld documents were not excepted from disclosure. CR.615, 648-54. On September 28, 2009, the City filed a response. CR.398-541. On October 2, 2009, Appellees filed a reply. CR.569-74. On October 12, 2009, the trial court entered two orders granting in part and denying in part Appellees' motion for summary judgment and ordering the City to disclose some of the withheld documents. CR.582-85; App. A; App. B. The City then immediately disclosed to Appellees all withheld documents that the trial court ordered the City to disclose. CR.1104.

**F. Trial court holds attorney fees hearing; enters final judgment for Appellees.**

On November 16, 2009, Appellees filed a motion for entry of judgment and award of attorney fees. CR.659-67. On December 3, 2009, the City filed a response. CR.882-920. On December 8, 2009, the trial court entered an order reiterating its October 12, 2009 ruling and stating that Appellees' attorney fee claim would be heard at the January 2010 trial setting (which was postponed several times). CR.925, 931-32, 940-41; App. C.[4]

On November 20, 2009, the City filed a motion to strike Kubosh as a party-plaintiff on the ground that he has no standing to seek relief as a TPIA "requestor" because he never actually submitted to the City any request for documents. CR.746-50. On November 25, 2009, Appellees filed a response. CR.810-14. On December 30, 2009, Appellees filed a supplemental response. CR.935-37. On March 1, 2010, the trial court entered an order denying the City's motion to strike Kubosh. CR.969; App. D.

On October 6, 2010, the trial court held a hearing on Appellees' attorney fee claim against the City. RR[1]. On October 12, 2011, the court entered a

---

[4] Judge Tracy Christopher presided over all trial court proceedings below until December 2009 when she was appointed as a Justice of the Fourteenth Court of Appeals. After Judge Christopher entered the December 8, 2009 order, Judge Caroline Baker presided over all subsequent trial court proceedings below.

final judgment again reiterating its October 12, 2009 ruling and awarding attorney fees to Appellees jointly. CR.1094-95; App. E.

## G. City files plea and new trial motion contesting jurisdiction and fee award.

On November 10, 2011, the City filed a motion for new trial and plea to the jurisdiction. CR.1103-47. On December 8, 2011, Appellees filed a response. CR.1151-61. On December 12, 2011, the trial court held a hearing on the City's new trial motion and plea. RR[2]. On January 5, 2012, the court entered an order granting in part and denying in part the City's new trial motion and denying the City's plea. CR.1208; App. F. The court granted the City's new trial motion only as to the attorney fee award to Kubosh and denied the remainder of the motion. CR.1208; App. F. The parties subsequently filed motions seeking clarification of the trial court's ruling. CR[1].2-5, 44-122, 257-60. But in an abundance of caution, on January 12, 2012, the City filed a notice of appeal. CR.1213-14.

## H. Trial court modifies judgment, dismisses Kubosh, awards fees only to Kallinen

On March 9, 2012, Appellees filed a motion for reconsideration of the trial court's ruling on the City's new trial motion as to the award of attorney fees to Kubosh or (alternatively) for severance as to Kubosh so that the judgment as to Kallinen may become final and appealable. CR[1].2-5. On

6

April 12, 2012, the City filed a response. CR[1].44-122. The City also filed a motion seeking (alternatively) entry of judgment awarding no attorney fees to any Appellee. CR[1].44-122. On May 4, 2012, Appellees filed a supplemental motion for reconsideration of the trial court's ruling on the City's new trial motion as to the award of attorney fees to Kubosh or (alternatively) for entry of an amended final judgment and order reflecting dismissal as to Kubosh. CR[1].257-60. On May 24, 2012, the City filed a response. CR[2].2.

On July 12, 2012, the trial court entered a modified final judgment ruling that Kubosh has no standing and awarding him no attorney fees. CR[2].17-18; App. G. On July 24, 2012, the City filed a request for findings of fact and conclusion of law. CR[2].19-20. On August 10, 2012, the City filed a motion for new trial as to the trial court's amended final judgment. CR[2].21-33. On August 15, 2012, Appellees filed proposed findings of fact and conclusion of law. CR[2].36-41. On August 17, 2012, the City filed a notice of past due findings of fact and conclusion of law. CR[3].26-27.

On September 19, 2012, in an abundance of caution, the City filed another notice of appeal as to the trial court's amended final judgment. CR[3].29-30. On October 3, 2012, Appellees also filed a notice of appeal notice of appeal as to the trial court's amended final judgment. CR[4].3-4. On

February 6, 2013, the trial court issued findings of fact and conclusion of law relating to the award of attorney fees to Kallinen. CR[4].5-6.

## I. This Court rules for City; Texas Supreme Court disagrees.

On August 29, 2013, this Court reversed the trial court's order denying the City's plea and rendered judgment that Appellees claims against the City are dismissed for want of jurisdiction. App. H. On March 20, 2015, the Supreme Court reversed this Court's judgment and remanded to this Court for further proceedings in accordance with its opinion. App. I. Both this Court's and the Supreme Court's rulings focused on the City's argument regarding whether the trial court had subject matter jurisdiction over Appellees' claims before the Attorney General ruled on the City's request for decision on the documents it withheld based on TPIA disclosure exceptions—and did not address other arguments raised by the City. App. H; App. I.[5]

## Summary of Argument

First, Appellees' TPIA mandamus and attorney fee claims were not justiciable. Appellees' TPIA mandamus and attorney fee claims were no longer

---

[5] For the Court's convenience, the City includes in this brief arguments (*infra*, pp. 17-28) that were raised in its original appeal brief in the event the Court prefers to have one brief containing all the City's arguments not addressed by this Court's and the Supreme Court's rulings.

justiciable at the time of final judgment because they were mooted when, prior to final judgment, the City produced to Kallinen all withheld documents that the trial court ordered the City to disclose, obviating any justiciable controversy regarding entitlement to mandamus relief or attorney fees. The trial court therefore had no subject matter jurisdiction at the time it entered its modified final judgment because Appellees' TPIA mandamus and attorney fee claims were no longer justiciable at that time due to mootness.

Second, Appellees' claims against the City are barred by governmental immunity, which defeats subject matter jurisdiction, for several reasons. Appellees' TDJA claims are barred by immunity because they are redundant and duplicative of their TPIA claims. Appellees' TPIA mandamus claims are also barred by immunity because the TPIA does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer. Appellees' TDJA claims are likewise barred by immunity because the TDJA likewise does not waive immunity and the only proper defendant for such claims is the pertinent public information officer. The trial court therefore had no subject matter jurisdiction because Appellees' claims against the City are barred by governmental immunity.

Third, there was no evidence or insufficient evidence to support any award of attorney fees to Appellees. Kallinen was not entitled to any award of

9

attorney fees because he did not actually incur any fees—as Kubosh, who was not a "requestor" and therefore had no justiciable claim on which to sue, incurred all the claimed fees. In addition, Appellees offered no evidence or insufficient evidence to support the amount of the attorney fee award. The trial court therefore also erred by awarding attorney fees to Appellees because they failed to satisfy their burden to support any award of fees.

Finally, although the trial court ultimately dismissed Kubosh and his claims, the City nonetheless also addresses those claims here in the event that it does not have the opportunity to file a reply brief. Kubosh's TPIA mandamus and attorney fee claims were never justiciable due to lack of ripeness and standing because he never actually submitted any TPIA request to the City, obviating any status as a TPIA "requestor" authorized to file suit. The trial court therefore also never had no subject matter jurisdiction over Kubosh's TPIA mandamus and attorney fee claims.

## Argument

**I. The trial court erred by denying the City's plea and otherwise had no subject-matter jurisdiction over Appellees' claims.**

    **A. The trial court had no subject-matter jurisdiction because Appellees' TPIA mandamus and attorney fee claims were not justiciable.**

        **1. Appellees' TPIA mandamus and attorney fee claims were no longer justiciable at the time of final judgment because they were mooted when the City, prior to final judgment, produced all withheld documents that the trial court ordered the City to disclose.**

The trial court had no subject-matter jurisdiction over Appellees' TPIA mandamus and attorney fee claims due to mootness. The TPIA provides that, in an action under Section 552.321, "the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails" (subject to certain exceptions). *See* Tex. Gov't Code § 552.323(a).[6] The term "substantially prevails" incorporates the concept of a "prevailing party" and must be construed in line with prevailing-party requirements for recovering attorney fees. *See Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 703 (Tex. App.—Austin 2013, no pet.).

---

[6] Section 552.323(a) specifies exception prohibiting the court from assessing "costs and fees against a governmental body if the court finds that the governmental body acted in reasonable reliance on: (1) a judgment or an order of a court applicable to the governmental body; (2) the published opinion of an appellate court; or (3) a written decision of the attorney general, including a decision issued under Subchapter G or an opinion issued under Section 402.042." *See* Tex. Gov't Code § 552.323(a).

11

Although a requestor may plead TPIA mandamus and attorney fee claims and even obtain favorable interlocutory summary judgment on mandamus, the case is rendered moot and the requestor does not substantially prevail where the governmental body produces the disputed documents before final judgment, thus obviating any justiciable controversy. *See Giggleman*, 408 S.W.3d at 702-06; *see also Int'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (to qualify as "prevailing party" there must be judicially sanctioned relief on the merits that materially alters the legal relationship between the parties such as damages award, injunctive or declaratory relief, or consent decree or settlement in party's favor). Satisfaction of the TPIA "substantially prevails" prong for fee recovery requires an enforceable final judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. *See Giggleman*, 408 S.W.3d at 703; *see also Int'l Grp. P'ship*, 295 S.W.3d at 654.

In this case, Appellees' TPIA mandamus and attorney fee claims were mooted prior to the trial court's final judgment. It is undisputed that, after the trial court granted summary judgment in favor of Appellees but before it entered final judgment, the City immediately and voluntarily produced to Appellees all withheld documents that the trial court ordered the City to disclose. CR.1104. By doing so, the City obviated any justiciable controversy

regarding Kallinen's (or Kubosh's) entitlement to mandamus relief or attorney fees. *See Giggleman*, [408 S.W.3d at 704](). This result is particularly appropriate here, where the City timely and properly requested an Attorney General opinion, but was deprived of the ability to obtain and rely on such an opinion—by Appellees' filing suit before the Attorney General ruled and requesting the Attorney General to defer ruling due to their suit. Had the City not been so deprived, Appellees would not have been entitled to attorney fees because the City would have complied with the Attorney General ruling. It is also consistent with both Section 552.321 and *Giggleman* to hold that the City which—once it was provided with authoritative guidance in the trial court's ruling, relied on it, and produced the documents—should not have been subjected to an award of attorney fees.

> **2.** **As a result, the trial court had no subject-matter jurisdiction because Appellees' TPIA mandamus and attorney fee claims were not justiciable at the time of final judgment.**

Subject matter jurisdiction is essential to the authority of a court to decide a case. *See M.D. Anderson Cancer Center v. Novak*, [52 S.W.3d 704](), [708]() (Tex. 2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, [852 S.W.2d 440](), [443]() (Tex. 1993). Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case

13

be justiciable. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Tex. Ass'n of Bus.*, 852 S.W.2d at 443-46. The justiciability doctrines of ripeness, standing, and lack of mootness are constitutional components of subject matter jurisdiction—and are rooted in the prohibition against advisory opinions, which is rooted, in turn, in the separation-of-powers doctrine. *See Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442-43 (Tex. 1998); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000).

Ripeness concerns when an action may be brought and requires that, at the time a lawsuit is filed, the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote. *See Patterson*, 971 S.W.2d at 442. A controversy is not ripe when resolution depends on contingent or hypothetical facts. *Id.* at 443. Standing concerns who may bring an action and requires the plaintiff to be personally aggrieved. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304-05 (Tex. 2008). A plaintiff does not have standing unless the alleged injury is concrete and particularized, actual or imminent, not hypothetical. *Id.* at 305. Mootness concerns the cessation of what was once a live controversy between the parties. *Williams*, 52 S.W.3d at 184. A controversy ceases to exist and a case becomes moot if the issues presented are no longer live or the parties lack a legally cognizable

interest in the outcome. *Id.* If a case becomes moot, the parties lose standing to maintain their claims. *Id.*

The trial court therefore had no jurisdiction at the time it entered final judgment because Appellees' TPIA mandamus and attorney fee claims were mooted, and thus no longer justiciable, prior to that judgment due to the City's production of the remaining documents to Kallinen.

## B. The trial court also had no subject-matter jurisdiction because all Appellees' claims are barred by immunity.

### 1. Appellees' TDJA claims are barred by immunity because they are redundant and duplicative of their TPIA claims.

The TDJA also does not waive immunity for Appellees' TDJA claims seeking relief that is redundant or duplicative of the relief they seek through their TPIA mandamus claims. Declaratory relief is proper if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. But a mere request for declaratory relief alone does not establish jurisdiction because the TDJA is not a grant of jurisdiction, but merely a procedural device for deciding cases already within a court's jurisdiction. *See Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. The

15

TDJA is not available to settle disputes already pending before a court. *See BHP Petroleum Co., Inc. v. Millard*, [800 S.W.2d 838](), [841]() (Tex. 1990).[7]

Under the redundant remedies doctrine, courts will not entertain an action brought under the TDJA when the same claim could be pursued through different channels. *See Patel v. Tex. Dep't of Licensing & Regulation*, [469 S.W.3d 69](), [79]() (Tex. 2015). The focus of the doctrine is on the initiation of the case and, in the jurisdictional and immunity context, whether the Legislature created a statutory waiver of sovereign immunity that permits the parties to raise their claims through some avenue other than the UDJA. *[Id.]()* The Texas Supreme Court, as well as the Austin Court of Appeals, has confirmed that an award of attorney fees under the TDJA is unavailable if the claim for declaratory relief is merely incidental to or redundant of relief sought through TPIA claims. *See Jackson v. State Office of Admin. Hearings*, [351 S.W.3d 290](), [300-01]() (Tex. 2011); *Giggleman*, [408 S.W.3d at 704]().

In this case, Appellees' pleadings confirm that their TDJA claims are redundant and duplicative their TPIA claims. Their TDJA and TPIA claims both complain only about the disclosure of documents that Kallinen requested

---

[7] Nor can a party use the TDJA to seek the same relief afforded under another cause of action merely in an effort to obtain recovery of otherwise impermissible attorney fees. *See MBM Fin. Corp. v. Woodlands Operating Co.*, [292 S.W.3d 660](), [669]() (Tex. 2009); *see also City of Houston v. Texan Land & Cattle Co.*, [138 S.W.3d 382](), [392]() (Tex. App.—Houston [14th Dist.] 2004, no pet.).

from the City. So Appellees' TDJA claims only seek to resolve issues already pending before the trial court through their TPIA claims and raise no new or different controversies. Appellees allege duplicative TDJA claims merely in an effort to obtain attorney fees, under the permissive TDJA standard, that are otherwise unrecoverable under the TPIA here. Allowing Appellees to recover attorney fees under the TDJA when they cannot meet the requirements for fee recovery under the TPIA would frustrate the limits established by the TPIA. *See Jackson*, 351 S.W.3d at 300. Appellees' TDJA claims are therefore also barred by immunity because they seek relief that is redundant and duplicative of the relief that they seek through their TPIA claims.

> **2.** **Appellees' TPIA mandamus claims are also barred by immunity because the TPIA does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer.**

The TPIA does not waive immunity for Appellees' TPIA mandamus claims against the City under section 552.321(a)—it authorizes such claims only against the pertinent City official. The TPIA requires an "officer for public information of a governmental body" to produce public information for inspection and/or duplication on application by any person to the officer. *See* Tex. Gov't Code § 552.221(a). It also authorizes a "requestor" to file suit for a

writ of mandamus compelling "a governmental body" to make information available for public inspection. *See* Tex. Gov't Code § 552.321(a).[8]

The Texas Supreme Court reconciled these provisions and held that the only "proper party" against whom mandamus may be sought under Section 552.321(a) is the officer for public information rather than the governmental body. *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672-73, 681 (Tex. 1995). The Court based its conclusion on the duty that the public information officer has to make public information available under Sections 552.203 and 552.221(a). *Id.* In addition, the Fourteenth Court of Appeals followed *Sharp* and reversed a summary judgment disposing of a mandamus suit filed against a county sheriff in his official capacity. *See Guthrie v. Garcia*, 352 S.W.3d 307, 308-10 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The *Guthrie* Court also relied on the Texas Supreme Court decision in *Heinrich* regarding the *ultra vires* exception to governmental immunity based on the distinction between suits against a governmental entity and those against a public official in his official capacity. *See Guthrie*, 352 S.W.3d at 309 (discussing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-76 (Tex. 2009)). The *Heinrich* court explained as follows:

---

[8] The TPIA defines a "requestor" as "a person who submits a request to a governmental body for inspection or copies of public information." *See* Tex. Gov't Code § 552.003(6).

From this rationale, it is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. Thus, *ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state. Stated another way, these suits do not seek to alter government policy but rather to enforce existing policy.

*Heinrich*, 284 S.W.3d at 372. The *Guthrie* court therefore held that the requestor's mandamus suit against the county sheriff in his official capacity was proper under Section 552.321(a) because any claim against the county for mandamus relief would necessarily have failed as a matter of law. *See Guthrie*, 352 S.W.3d at 309-10.

In this case, Appellees filed their TPIA mandamus claims under Section 552.321(a) only against the City. They did not file those claims against the City's public information officer for the withheld information. So Appellees did not file suit against the only proper party against whom mandamus relief may be sought under Section 552.321(a), and the City is therefore immune from Appellees' TPIA mandamus claims under Section 552.321(a).

**3.** **Appellees' TDJA claims are likewise barred by immunity because the TDJA also does not waive the City's immunity and the only proper defendant for such claims is the pertinent public information officer.**

The TDJA also does not waive immunity for Appellees' TDJA claims against the City—and, just like the TPIA, only authorizes such claims against the pertinent City official. As outlined above, the *Heinrich* Court explained the *ultra vires* exception to immunity based on the distinction between suits against a governmental entity and those against public officials in their official capacities. *See Heinrich*, 284 S.W.3d at 372-76; *see also Guthrie*, 352 S.W.3d at 309. But *Heinrich* also confirmed that a plaintiff may not bring declaratory judgment actions against a governmental entity to determine rights under a particular statute. *See Heinrich*, 284 S.W.3d at 372-73; *see also Tex. Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 335 (Tex. App.—Austin 2009, pet. denied). Rather, plaintiffs are limited to bringing *ultra vires* suits against governmental officials in their official capacities. *See Heinrich*, 284 S.W.3d at 372-73; *Holmes*, 294 S.W.3d at 335. So as a technical matter, governmental entities—as opposed to their officers in their official capacities—remain immune from suit. *See Heinrich*, 284 S.W.3d at 372-73.

In this case, like their TPIA claims, Appellees also filed their TDJA claims only against the City. They did not file those claims against the

pertinent City official in his or her official capacity. So Appellees did not file suit against the only proper party against whom declaratory relief may be sought under the TDJA, and the City is therefore also immune from Appellees' TDJA claims.

> **4.** **As a result, the trial court also had no subject-matter jurisdiction because all Appellees' claims are barred by immunity.**

Sovereign and governmental immunity protect the State and its political subdivisions, including municipalities, from suit and liability unless such immunity is waived. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008); *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Courts interpret waivers of immunity narrowly because the intent to waive must be clear and unambiguous. *See Garcia*, 253 S.W.3d at 655; *Reata Const. Corp.*, 197 S.W.3d at 375; Tex. Gov't Code § 311.034. The party suing the governmental entity has the burden to both plead and prove consent to suit under a clear and unambiguous constitutional or statutory waiver of that immunity. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-55 (Tex. 2002); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit defeats subject-matter jurisdiction. *See Reata Const. Corp.*, 197 S.W.3d at 374; *IT-Davy*, 74 S.W.3d at 855.

21

The trial court therefore had no jurisdiction because all Appellees' claims are barred by immunity for several reasons: (1) their TDJA claims are barred because they are redundant and duplicative of their TPIA claims, (2) their TPIA mandamus claims are barred because the TPIA does not waive immunity and the only proper defendant for such claims is the pertinent public information officer, and (3) their TDJA claims are barred by immunity because the TDJA also does not waive immunity and the only proper defendant for such claims is the pertinent public information officer.

## II.    The trial court erred by awarding attorney fees to Appellees because there was no evidence or insufficient evidence to support any award of fees to them.

### A.    Kallinen was not entitled to any award of attorney fees because he did not actually incur any attorney fees—as Kubosh incurred all the claimed fees.

Even if the trial court had subject matter jurisdiction (which the City denies), Kallinen was not entitled to any attorney fee award because he did not actually incur any fees. As noted above, the TPIA requires the trial court to assess costs of litigation and reasonable attorney fees in a mandamus suit under Section 552.321—but may only award costs and fees that are actually incurred by a plaintiff who substantially prevails. *See* Tex. Gov't Code § 552.323(a). The Texas Supreme Court has confirmed that attorney fees are incurred only where a party becomes liable for them and that a fee award

22

under Section 552.323(a) or the TDJA is proper only where the fees are actually incurred. *See Jackson*, 351 S.W.3d at 299-301 (holding that licensed attorney was not entitled to recover attorney fees under TPIA because he did not incur attorney fees since he represented himself or under TDJA because his declaratory relief claim was merely incidental to his TPIA claim).

In this case, the evidence presented at the trial court hearing on attorney fees, including all billing invoices that Appellees' counsel submitted for representation of Appellees in this case, conclusively establishes that only Kubosh incurred all the claimed fees allegedly incurred in connection with the TPIA requests for information that only Kallinen submitted to the City. Appellees' counsel submitted all billing invoices only to Kubosh—and did not submit any billing invoices to Kallinen. RR[1] Ex. 2. Kallinen offered no evidence that he incurred any of the claimed fees. RR[1] Ex. 2. Kallinen was therefore not entitled to any award of attorney fees because he did not actually incur any attorney fees—as Kubosh incurred all the claimed fees.[9]

---

[9] To the extent that Appellees challenge the trial court's dismissal of Kubosh due to lack of standing, the attorney fee award under the court's original final judgment was nonetheless erroneous. First, for the reasons outlined above (which are incorporated here for all purposes), Kubosh was not entitled to any fee award because his TPIA mandamus and attorney fee claims were not justiciable. Second, for the same reasons that Kubosh was not entitled to any fee award, the fee award to Appellees jointly was erroneous and could not stand because Kallinen was not entitled to any fees that Kubosh was not entitled to recover —and Appellees failed to segregate the fees that each allegedly incurred.

**B.    Appellees were not entitled to any award of attorney fees because they failed to properly segregate recoverable (alleged) fees from non-recoverable (alleged) fees.**

Even if Kallinen incurred any fees (which the City denies), neither Appellee was entitled to any award of attorney fees because each failed to properly segregate recoverable (alleged) fees from non-recoverable (alleged) fees. The Texas Supreme Court has confirmed that where attorney fees relate to a claim for which fees are not recoverable, a claimant must segregate recoverable from unrecoverable fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). Intertwined facts do not make fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *See Chapa*, 212 S.W.3d at 313-14; *see also Rapid Settlements, Ltd. v. Settlement Funding, LLC*, 358 S.W.3d 777, 787 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Chapa*, 212 S.W.3d at 313-14).

In this case, as noted above, Appellees' counsel failed to segregate any attorney fees incurred with regard to documents that the trial court ordered the City to disclose from any incurred with regard to documents that the City ultimately disclosed to Appellees voluntarily. RR[1] Ex. 2. Appellees' counsel also failed to segregate any attorney fees incurred by Kubosh from any incurred by Kallinen. RR[1] Ex. 2. But such segregation as to Kubosh and

Kallinen is critical to determining the amount of fees to which each may be entitled. It is particularly critical to ensuring that neither is awarded any attorney fees incurred only by Kubosh—who, as outlined above, lacks standing not only for the same reasons why Kallinen lacks standing, but also for the additional reason that he never actually submitted any TPIA request to the City and therefore is not even a requestor authorized to file suit for mandamus relief under Section 552.321(a). Appellees were therefore not entitled to any award of attorney fees because they failed to properly segregate recoverable (alleged) fees from non-recoverable (alleged) fees.[10]

### C. Appellees offered no evidence or insufficient evidence to support the amount of the award of attorney fees.

In the alternative, and subject to the City's arguments on lack of jurisdiction (including that Kallinen is not a prevailing party for purposes of TPIA fee recovery), Appellees also failed to offer any evidence or any sufficient evidence to support any fee award. As noted above, the TPIA authorizes the court to assess reasonable attorney fees incurred by a plaintiff who substantially prevails in a mandamus suit under Section 552.321(a). *See*

---

[10] Although Appellees did segregate fees to a limited (and insufficient) extent after the trial court's original final judgment, they failed to properly segregate fees separately incurred by each of them.

Tex. Gov't Code § 552.323(a). In this case, Appellees offered no evidence or insufficient evidence to establish that any attorney fees they allegedly incurred were reasonable. The City's attorney fee expert, Patrick Zummo, testified at the attorney fee hearing in the trial court that Appellees' claimed attorney fees were not reasonable or proper for multiple reasons.

Mr. Zummo explained that Appellees' counsel did not exercise appropriate billing judgment. RR[1].122, 134-35, 139, 1144. Mr. Zummo's testimony also confirms that Appellees' evidence cannot support their burden to prove that the claimed attorney fees were reasonable because:

1. The billing invoices included many single entries for total time allegedly expended in a single day instead of multiple daily entries broken down for discrete individual tasks. RR[1].128-29, 141-43, 149, 182.

2. Many task descriptions were too generic which precluded any independent assessment of the reasonableness of the stated time amounts. RR[1].132, 133, 147.

3. Many task descriptions were redacted which also precluded independent assessment of the reasonableness of the stated time amounts. RR[1].121, 130, 133, 149, 151, .

4. Tasks relating to the deliberative process privilege and attorney-client privilege on which the City relied were not segregated even though they could have been segregated for the most part. RR[1].148-49, 152-54.

5. The billing invoices included amounts for extensive research on legal issues of Appellees' counsel touted expertise. RR[1].132, 156-57.

6. The billing invoices included amounts for numerous attorney-client conferences to discuss "strategy" despite the fact that strategy had not

26

significantly changed and that Appellees are lawyers. RR[1].132-33, 141-42, 147-48, 150, 151, 180, .

7. The billing invoices included amounts for unproductive speculation and investigation regarding whether Professor Robert Stein of Rice University allowed an alleged employment relationship between his wife and staff of the Mayor of the City of Houston to influence his research, analysis and opinions. RR[1].146-47.

8. The billing invoices included amounts for excessive time spent reviewing the City's documents and performing other tasks. RR[1].136-44, 151.

Mr. Zummo's testimony therefore raised numerous fact issues regarding whether Appellees satisfied their burden to prove that the claimed attorney fees were reasonable.

Mr. Zummo testified that the foregoing issues with Appellees' claimed attorney fees required reduction of about $21,440.00 (based upon 67 hours at $320 per hour). RR[1].151-52. Mr. Zummo also testified that, based on the count of the documents subject to the trial court's rulings, Appellees were not successful in their attempt to obtain 25% of the documents they sought—reflecting the total percentage of withheld document for which the City claimed the attorney-client privilege. RR[1].153-55. Mr. Zummo determined that, even after deduction of $21,440 as stated above, the remaining amount should be further reduced accordingly to a percentage reflecting only the total percentage of withheld documents that the trial court ordered the City to

disclose. RR[1].153-55. Mr. Zummo's testimony therefore also confirms that the amount of attorney fees awarded was excessive.

**III.** **The trial court also had no subject-matter jurisdiction over Kubosh's claims; Kubosh's TPIA mandamus and attorney fee claims were never justiciable due to lack of ripeness and standing because he never submitted any TPIA request to the City.**

The trial court also had no subject-matter jurisdiction over Kubosh's TPIA mandamus and attorney fee claims due to lack of ripeness and standing. As noted above, the TPIA authorizes a "requestor" to file suit for a writ of mandamus compelling a governmental body to make information available for public inspection—and defines a "requestor" as "a person who submits a request to a governmental body for inspection or copies of public information." *See* Tex. Gov't Code §§ 552.321(a), 552.003(6). The plain language of Section 552.321 therefore only authorizes a person who submits a request for information to a governmental body to file suit for a writ of mandamus. In this case, it is undisputed that Kubosh never actually submitted any request for information to the City before filing his TPIA claims against the City—despite their lack of ripeness and his lack of standing. The trial court therefore had no subject-matter jurisdiction over Kubosh's TPIA mandamus and attorney fee claims under Sections 552.321(a) and Section 552.323 because those claims were not justiciable due to lack of ripeness and standing.

28

## Conclusion and Prayer

For these reasons, the City Houston asked this Court to (1) reverse the order of the trial court denying the City's plea to the jurisdiction and render judgment in the City's favor that all Kallinen's claims against the City are dismissed for want of jurisdiction, and (2) reverse the modified final judgment of the trial court awarding attorney fees to Kallinen and render judgment in the City's favor that Kallinen is not entitled to attorney fees and shall take nothing on any of his claims against the City.

Respectfully submitted,

DONNA L. EDMUNDSON
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section

By:   /s/ Fernando De Leon
      Fernando De Leon
      Senior Assistant City Attorney
      SBN: 24025325
      CITY OF HOUSTON LEGAL
      DEPARTMENT
      900 Bagby Street, 4th Floor
      Houston, Texas 77002
      832.393.6491 (telephone)
      832.393.6259 (facsimile)
      fernando.deleon2@houstontx.gov

*Attorneys for Appellee*

## Certificate of Compliance

I certify that the foregoing was prepared in Microsoft Word 2010 Version 14.0 in Calisto MT 14 point font; the word-count function shows that, excluding those sections exempted under TRAP 9.4(i)(1), the brief contains 6,660 words.

      /s/ Fernando De Leon
      Fernando De Leon

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been forwarded on December 9, 2015 to the following counsel of record by e-service:

Joseph R. Larsen
SEDGWICK LLP
1200 Smith Street, Suite 1600
Houston, Texas 77002
joseph.larsen@sedgwicklaw.com

*Attorneys for Appellees*

David A. Furlow
LAW OFFICE OF DAVID
A. FURLOW, P.C.
4126 Rice Boulevard
Houston, Texas 77005
dafurlow@gmail.com

 */s/ Fernando De Leon*
Fernando De Leon

# Appendix

**Tab**

A.  Order on Plaintiffs' Summary Judgment (dated October 12, 2009) (CR.582)

B.  Order Granting Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Partial Motion for Summary Judgment on Conceded Documents (dated October 12, 2009) (CR.583-85)

C.  Order (dated December 8, 2009) (CR.931-32)

D.  Order on City's Motion to Strike Paul Kubosh (dated March 1, 2010) (CR.969)

E.  Final Judgment (dated October 12, 2011) (CR.1094-95)

F.  Order (dated January 5, 2012) (CR.1208)

G.  Amended Final Judgment (dated July 12, 2012) (CR[2].17-18)

H.  First Court of Appeals Judgment and Opinion (dated August 29, 2013)

I.  Supreme Court Judgment and Opinion (dated March 20, 2015)

J.  Order for Supplemental Briefing On Remand


Tab A



NO. 2008-75633

| | | |
|---|---|---|
| Randall Kallinen, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| City of Houston | § | |
| | § | |
| | § | 295th JUDICIAL DISTRICT |

### Order on Plaintiffs' Summary Judgment

After reviewing the requested documents in camera, the court grants the Plaintiffs' Motion for Summary Judgment in part and denies it in part. The court holds that the documents that the City of Houston are withholding under the deliberative process privilege do not fall under that exception as defined by *Garland v. Dallas Morning News*, 22 S.W. 3d 351 (Tex. 2000).

However, most of the documents that the City is withholding under the attorney client privilege are privileged with the exception of:

COHA 64, 102, 133 and 149.

There are a few documents that the City has listed under both exceptions. COHP 36, 37 and 38, 40 are protected under attorney client. COHP 39, the top email only is protected. COHP 41, the top email is protected.

The documents will remain confidential pending a decision to appeal by the City.

**FILED**
Loren Jackson
District Clerk

OCT 12 2009

Time: ___10-12-09___
Harris County, Texas

By _____
Deputy

Signed October 12, 2009.

Tracy Christopher
Judge Presiding

Tab B

CAUSE NO. 2008-75633

Filed 09 October 8 P6:18
Loren Jackson - District Clerk
Harris County
ED101J015539854
By: Sandra Talbert

| | |
|---|---|
| RANDALL KALLINEN and PAUL KUBOSH § | IN THE DISTRICT COURT OF |
| § | |
| v. § | HARRIS COUNTY, TEXAS |
| § | |
| CITY OF HOUSTON, TEXAS § | 295th JUDICIAL DISTRICT |

P- 3

MPSJZ

**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND NO-EVIDENCE PARTIAL MOTION FOR SUMMARY JUDGMENT ON CONCEDED DOCUMENTS**

CAME BEFORE the Court this day Plaintiffs Randall Kallinen and Paul Kubosh's Motion for Entry of Judgment on Conceded Documents. The Court FINDS that the City, in its Response to Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Motion for Partial Summary Judgment, provided no evidence or argument that the documents identified below fall within either the attorney-client privilege or deliberative process privilege exception to the Texas Public Information Act. Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Motion for Partial Summary Judgment is hereby GRANTED as to these documents, set out below by Bates numbers:

A004
A005-A007
A009-A014
A015-A018
A025
A034-A035
A036-A037
A049
A050
A051
A084
A085
A086-A088
A089-A091
A092-A093

A055
A056
A057-A058
A059-A061
A062
A063
A072-A075
A076-A078
A079
A080
A094-A095
A096-A097
A100-A101
A103
A104

: 00583

A105

A112-A113

A114

A123-A124

A125

A126

A127-A131

A132

A134-A136

A137-A138

A139-A141

A142-A143

A144-A148

A156-A160

A161

A163

A172

A175

A176

A177

A178

A179

A180

A183

A184

A185

A186

A187-A188

A192-A193

A202-A203

A208

A222

A223

A224

A225

A226

A227

A228

A229

A240

A241

A243

A245

A247-A248

A249

P004-P005

P005-P007

P008-P009

P027-P029

P030

P031

P032

P033

P034

P035

P044-P045

P046

P047

P048

P063

P066-P114

P115-P116

P117-P119

P124

P157

P159-P160

P220-P221

P222

P223-P228

P250

P251

P252

P257

P258

P261-P262

P288

P289

P290-294

P295

P296

P297-P313

P313-P315

P357

P390

P393-P425

P426

2

00584

Judgment is hereby entered in favor of Plaintiffs Randall Kallinen and Paul Kubosh on their claims under the Texas Public Information Act and Texas Declaratory Judgments Act for the above-referenced documents. ~~This Order does not purport to adjudicate Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Motion for Partial Summary Judgment~~ on those documents ~~which remain in contention and on which the Court has not yet ruled.~~

Signed this __12th__ day of October, 2009.

HONORABLE JUDGE TRACY CHRISTOPHER


APPROVED AS TO FORM AND SUBSTANCE:


Joseph R. Larsen
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1111 Bagby St., Suite 2300
Houston, Texas 77002
Telephone No.: (832) 426.7000
Facsimile No.: (832) 426.7009
*Attorneys for Plaintiffs Randall Kallinen and Paul Kubosh*

3

00585



Tab C

Filed 09 November 16 P2:30
Loren Jackson - District Clerk
Harris County
ED101J015577944
By: Melanie Broughton-Cooper

CAUSE NO. 2008-75633

| | | |
|---|---|---|
| RANDALL KALLINEN and PAUL KUBOSH | § § § | IN THE DISTRICT COURT OF _P-2_ |
| v. | § § | HARRIS COUNTY, TEXAS _RDOCX_ |
| CITY OF HOUSTON, TEXAS | § § | 295th JUDICIAL DISTRICT |

## ~~FINAL JUDGMENT~~ Order

On the _____ day of _____, 2009, came on to be heard Plaintiffs Randall Kallinen and Paul Kubosh's Motion for Judgment and for Award of Attorneys' Fees. The Court, having reviewed papers on file in this case and having heard arguments of counsel, is of the opinion that the motion has merit and it is hereby GRANTED.

The Court specifically FINDS that the documents set out in the Order on Summary Judgment and Order Granting Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Motion for Partial Summary Judgment on Conceded Documents are public information that may not be withheld from release pursuant to an exception to the Act. The Court further FINDS that the City of Houston had refused to release this information from release necessitating Plaintiffs' mandamus suit and that Plaintiffs have substantially prevailed in this action. ~~Pursuant to TEX. GOV'T CODE § 552.323(a), the Court FINDS that Plaintiffs should recover their reasonable and necessary attorney's fees. On the evidence presented, the Court FINDS Plaintiffs reasonable and necessary attorneys fees to be _____ dollars ($_____).~~

~~IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the documents identified by the Order on Summary Judgment and Order Granting Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Motion for Partial Summary Judgment on Conceded Documents are public information that may not be withheld pursuant to an exception to the Act.~~

DL/235172.v1

The Court further ORDERS, ADJUDGES and DECREES that Plaintiffs should recover its reasonable and necessary attorney's fees, which the Court finds to be _____ dollars ($_____), with post-judgment interest thereon at the rate of _____ percent (___%) per annum from the date of this judgment until paid, together with all costs of court in its behalf expended.

The Court further ORDERS, ADJUDGES and DECREES that, in the event the City appeals this Final Judgment, the reasonable and necessary attorneys fees to Plaintiffs for successful defense of this Judgment on appeal will be _____ dollars ($_____) and successful defense of this Judgment before the Texas Supreme Court will be _____ dollars ($_____).

Plaintiffs Randall Kallinen and Paul Kubosh are allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

~~It is so ORDERED.~~ *Trial on attorney fees set for Jan. 18, 2010 two week docket*

SIGNED this ___8___ day of ___Dec.___, 2009.

_____
HONORABLE JUDGE TRACY CHRISTOPHER

2

Tab D

Filed 09 December 30 P5:44
Loren Jackson - District Clerk
Harris County
ED101J015619292
By: Sandra Talbert

CAUSE NO. 2008-75633

| | | |
|---|---|---|
| RANDALL KALLINEN and | § | IN THE DISTRICT COURT OF  P-1 |
| PAUL KUBOSH | § | |
| | § | STPLY |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CITY OF HOUSTON, TEXAS | § | 295th JUDICIAL DISTRICT |

## ORDER ON CITY'S MOTION TO STRIKE PAUL KUBOSH

CAME BEFORE the Court today the City's Motion to Strike Paul Kubosh as plaintiff in this action. The Court, having reviewed the papers on file, including previous Orders of the Court, and having heard argument of counsel, hereby FINDS:

The City's Motion to Strike Kubosh has already been denied by Order of the Court of December 7, 2009 finding Paul Kubosh to be a substantially prevailing party in this lawsuit;

The City has presented no argument or authority in addition to the papers it submitted to the Court prior to this ruling and the Court finds no basis for overturning the Order finding Kubosh a substantially prevailing party in this case; and

The Court ORDERS that the City's Motion to Strike Paul Kubosh as a plaintiff in this matter is, in all respects, DENIED.

Signed the ___1st___ day of ~~January~~ March, 2010.

_Caroline Baker_
JUDGE PRESIDING


Tab E

CAUSE NO. 2008-75633

| RANDALL KALLINEN and | § | IN THE DISTRICT COURT OF |
| PAUL KUBOSH | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CITY OF HOUSTON. TEXAS | § | 295th JUDICIAL DISTRICT |

## **FINAL JUDGMENT**

The Court FOUND in its Order on Plaintiffs' Summary Judgment and its Order Granting

Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Partial Motion for Summary

Judgment on Conceded Documents, both of October 12, 2009, that the documents set out therein are

public information that may not be withheld from release pursuant to an exception to the Act. As set

out in these prior Orders of the Court. Judgment is hereby entered that the following documents

identified by Bates number in the litigation are public information and not subject to an exception to

the Act:

| | |
|---|---|
| COHA004-COHA007 | COHA183-COHA188 |
| COHA009-COHA018 | COHA192-COHA193 |
| COHA025 | COHA202-COHA203 |
| COHA034-COHA037 | COHA208 |
| COHA049-COHA051 | COHA222-COHA229 |
| COHA055-COHA064 | COHA240-COHA241 |
| COHA072-COHA080 | COHA243 |
| COHA084-COHA097 | COHA245 |
| COHA100-COHA105 | COHA247-COHA249 |
| COHA112-COHA114 | |
| COHA123-COHA149 | |
| COHA156-COHA161 | COHP001 – COHP035 |
| COHA163 | COHP039 (except top e-mail) |
| COHA172 | COHP041 (except top e-mail) |
| COHA175-COHA180 | COHP042-COHP426 |

The Court FOUND in its Order of December 8, 2009 that the City of Houston had refused to

release this information necessitating Plaintiffs' mandamus suit, and that Plaintiffs have substantially

2676379-1

prevailed in this action. The three referenced prior Orders of the Court are attached hereto and incorporated herein. Judgment is hereby entered that Plaintiffs have substantially prevailed in this Public Information Act mandamus suit and pursuant to TEX. GOV'T CODE § 552.323(a) shall recover their reasonable attorneys' fees. Following trial on this issue and on the evidence presented, the Court FINDS Plaintiffs' reasonable attorney's fees to be ninety-five thousand six hundred sixty four and no/100 dollars ($95,664.00).

The Court further ORDERS, ADJUDGES and DECREES that Plaintiffs should recover its reasonable and necessary attorney's fees. which the Court finds to be ninety-five thousand six hundred sixty four and no/100 dollars ($95.664.00), with post-judgment interest thereon at the rate of five percent (5 %) per annum from the date of this judgment until paid, together with all costs of court in its behalf expended.

The Court further ORDERS, ADJUDGES and DECREES that, in the event the City appeals this Final Judgment, the reasonable and necessary attorneys fees to Plaintiffs for successful defense of this Judgment on appeal will be thirty thousand and no/100 dollars ($30,000.00) and successful defense of this Judgment before the Texas Supreme Court will be fifty thousand and no/100 dollars ($50,000.00).

Plaintiffs Randall Kallinen and Paul Kubosh are allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

It is so ORDERED.

SIGNED this 12th day of _____October_____, 2011.


_____Caroline Baker_____
HONORABLE JUDGE CAROLINE BAKER

2676379-1                    -2-

: 01095


Tab F

CAUSE NO. 2008-75633

| | | |
|---|---|---|
| RANDALL KALLINEN and<br>PAUL KUBOSH | § §<br>§ | IN THE DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| V. | §<br>§ | |
| CITY OF HOUSTON | § | 295th JUDICIAL DISTRICT |

## ORDER

Came on to be heard Defendant City of Houston's Plea to the Jurisdiction and Motion for New Trial. Upon consideration, the Court makes the following rulings:

It is ORDERED that Defendant City of Houston's Plea to the Jurisdiction is denied.

It is further ORDERED that Defendant City of Houston's Motion for New Trial is GRANTED IN PART and a new trial is hereby ordered at to an award of attorney's fees to Plaintiff Paul Kubosh. It is further ORDERED that the remainder of Defendant City of Houston's Motion for New Trial is DENIED.

Signed this 5th day of January, 2012.

*Caroline Baker*

JUDGE PRESIDING

**FILED**
Chris Daniel
District Clerk

JAN - 6 2012

Time: _____

By _____ Deputy

: 01208

Tab G

<br>

Filed 12 June 19 P3:20
Chris Daniel - District Clerk
Harris County
ED101J016936034
By: irma medina

CAUSE NO. 2008-75633

P-2
6

| RANDALL KALLINEN and PAUL KUBOSH | § | IN THE DISTRICT COURT OF |
|---|---|---|
| v. | § § § | HARRIS COUNTY, TEXAS |
| CITY OF HOUSTON, TEXAS | § § | 295th JUDICIAL DISTRICT |

## AMENDED FINAL JUDGMENT

The Court FOUND in its Order on Plaintiffs' Summary Judgment and its Order Granting Plaintiffs' Motion for Partial Summary Judgment and No-Evidence Partial Motion for Summary Judgment on Conceded Documents, both of October 12, 2009, that the documents set out therein are public information that may not be withheld from release pursuant to an exception to the Act. As set out in these prior Orders of the Court, Judgment is hereby entered that the following documents identified by Bates number in the litigation are public information and not subject to an exception to the Act:

COHA004-COHA007
COHA009-COHA018
COHA025
COHA034-COHA037
COHA049-COHA051
COHA055-COHA064
COHA072-COHA080
COHA084-COHA097
COHA100-COHA105
COHA112-COHA114
COHA123-COHA149
COHA156-COHA161
COHA163
COHA172
COHA175-COHA180

COHA183-COHA188
COHA192-COHA193
COHA202-COHA203
COHA208
COHA222-COHA229
COHA240-COHA241
COHA243
COHA245
COHA247-COHA249

COHP001 – COHP035
COHP039 (except top e-mail)
COHP041 (except top e-mail)
COHP042-COHP426

The Court FOUND in its Order of December 8, 2009 that the City of Houston had refused to release this information necessitating Plaintiffs' mandamus suit, and that Plaintiffs have substantially prevailed in this action. The three referenced prior Orders of the Court are incorporated herein. The

2860022v1

Court also FINDS and ORDERS, however, that Paul Kubosh does not have standing in this case, and he is dismissed with prejudice by this Judgment. Judgment is hereby entered that Randall Kallinen has substantially prevailed in this Public Information Act mandamus suit and pursuant to TEX. GOV'T CODE § 552.323(a) shall recover his reasonable attorneys' fees. Following trial on this issue and on the evidence presented, the Court FINDS Kallinen's reasonable attorney's fees to be ninety-two thousand one hundred seventy-six and no/100 dollars ($92,176.00).

The Court further ORDERS, ADJUDGES and DECREES that Randall Kallinen should recover his reasonable and necessary attorney's fees, which the Court finds to be ninety-two thousand one hundred seventy-six and no/100 dollars ($92,176.00), with post-judgment interest thereon at the rate of five percent (5 %) per annum from the date of this judgment until paid, together with all costs of court in his behalf expended.

The Court further ORDERS, ADJUDGES and DECREES that, in the event the City appeals this Final Judgment, the reasonable and necessary attorneys fees to Randall Kallinen for successful defense of this Judgment on appeal will be thirty thousand and no/100 dollars ($30,000.00) and successful defense of this Judgment before the Texas Supreme Court will be fifty thousand and no/100 dollars ($50,000.00).

Plaintiff Randall Kallinen is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

It is so ORDERED.

SIGNED this 12th day of ____July____, 2012.

_Caroline Baker_
HONORABLE JUDGE CAROLINE BAKER



Tab H



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-12-00050-CV

CITY OF HOUSTON, Appellant

V.

RANDALL KALLINEN AND PAUL KUBOSH, Appellees

Appeal from the 295th District Court of Harris County.   (Tr. Ct. No. 2008-75633).

This case is an appeal from the final judgment signed by the trial court on January 5, 2012.   After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that there was reversible error in the trial court's judgment in the following respect: the trial court erred in denying the City of Houston's plea to the jurisdiction.   Accordingly, the Court **reverses** the trial court's judgment denying the City of Houston's plea to the jurisdiction and **renders** judgment that Randall Kallinen's and Paul Kubosh's claims against the City of Houston are dismissed for want of jurisdiction.

The Court **orders** that the appellees, Randall Kallinen and Paul Kubosh, jointly and severally, pay all appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered August 29, 2013.

Panel consists of Justices Bland, Sharp, and Massengale. Opinion delivered by Justice Sharp.



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00050-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**RANDALL KALLINEN AND PAUL KUBOSH, Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-75633**

---

# O P I N I O N

This interlocutory appeal arises from a suit for writ of mandamus brought under the Texas Public Information Act ("TPIA"). Randall Kallinen and Paul Kubosh ("appellees") filed a mandamus suit against the City of Houston ("the City") seeking the public disclosure of various documents requested regarding the

City's red light camera installations.  After a series of rulings by the trial court, the City filed a motion for new trial and plea to the jurisdiction.  The trial court denied the City's plea to the jurisdiction.  In two issues, the City challenges the trial court's orders denying its plea to the jurisdiction and awarding attorney's fees to appellees.  We reverse and render.

## Background

In November and December 2008, Kallinen made four requests under the TPIA for release of information regarding a commissioned study on traffic light cameras in Houston.  The City released some of the documents but withheld others based upon disclosure exceptions under the Act.  The City also requested a decision from the Attorney General regarding whether the TPIA exceptions applied.  Before the Attorney General had issued a decision, appellees filed suit in district court on December 26, 2008, seeking a writ of mandamus under the TPIA.[1] Appellees then requested that the Attorney General refrain from making a determination because the issue was a subject of ongoing litigation.  The Attorney General did subsequently decline to issue an opinion in order to allow the trial court to decide whether the withheld documents were excepted from disclosure under the TPIA.

---

[1] Appellees also filed a declaratory judgment under the Texas Declaratory Judgment Act ("TDJA"), seeking a declaration that disclosure was required.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2008).

On September 14, 2009, appellees filed a motion for partial summary judgment seeking a ruling as to whether the TPIA's exceptions applied to the withheld documents. On October 12, 2009, the trial court granted in part, and denied in part, appellees' summary judgment motion, and ordered the City to disclose some of the withheld documents. On November 16, 2009, appellees filed a motion for entry of judgment and award of attorney's fees and, following a hearing on appellees' attorney's fee claim, the trial court issued a final judgment on October 12, 2011, reiterating its October 12, 2009 ruling and awarding appellees $95,664 jointly in attorney's fees.

On November 10, 2011, the City filed a motion for new trial and plea to the jurisdiction. On January 5, 2012, the trial court granted the City's motion for new trial as to attorney's fees for Kubosh and denied the City's plea to the jurisdiction. On July 12, 2012, the trial court entered a modified final judgment ruling that Kubosh was without standing and awarding him no attorney's fees.

**Standard of Review**

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction which is essential to the authority of a court to decide a case. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea challenging a trial court's jurisdiction is a question of law that is reviewed de novo. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010).

3

The construction of a statute, too, is a question of law which is reviewed de novo. *See Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). The purpose of interpretation is to arrive at the legislature's intent in creating the statute. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). In discerning legislative intent, we consider the plain and common meaning of the statutory language. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). The statute must be read as a whole, giving effect to all—not just isolated—portions. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Courts also consider the objective the law seeks to obtain. *See* TEX. GOV'T CODE § 311.023(1) (West 2005).

### Discussion

In its first issue, the City contends that the trial court erred in denying its plea to the jurisdiction because, among other reasons, the Attorney General declined to perform his statutory duty to issue a decision on the City's request. Appellees argue that they have a statutory right to file a suit for writ of mandamus against the City because the City refused to release public information.

### A. Applicable Law

The TPIA governs public disclosure of information about the affairs of the government and the official acts of public officials and employees, and it requires the officer for public information of a governmental body to produce public

4

information for inspection or copying on application by any person to the officer. *See* TEX. GOV'T CODE ANN. §§ 552.001, .203, .221(a) (West 2012). A "requestor" is defined as "a person who submits a request to a governmental body for inspection or copies of public information." *Id*. § 552.003(6).

The TPIA also lists numerous exceptions from required disclosure. *See id.* §§ 552.101–.153. Though the act is to be liberally construed in favor of granting requests for information, *id.* § 552.001(b), a governmental body may seek to withhold requested information that it believes falls within one of the statutory exceptions to disclosure. *See id.* §§ 552.101–.153. To do so, the government body must timely request an Attorney General determination (if there has not been a previous determination) and assert which exceptions to disclosure apply to the information requested. *Id.* § 552.301. The TPIA provides that "the attorney general shall promptly render a decision requested . . . determining whether the requested information is within one of the exceptions . . . ." *Id.* § 552.306(a). However, the governmental body may disclose the requested information to the public or to the requestor before the Attorney General—or, if suit is filed under the TPIA, the court with jurisdiction—makes a final determination that the requested information is public, except if the requested information is confidential by law. *See id.* § 552.303(a).

5

The TPIA also provides that the Attorney General and the original requestor may file suit for a writ of mandamus to compel a governmental body to release information to the public "if the governmental body refuses to request an attorney general's decision . . . or refuses to supply public information or information that the attorney general has determined is public information." *Id.* § 552.32(a). If a governmental body does not request an Attorney General decision after receiving a written request for information, the requested information is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold it. *See id.* § 552.302. Further, the TPIA also provides that the only exceptions to required disclosure that the governmental body may raise in such a suit are those that it properly raised before the Attorney General to support its request for a decision as to whether disclosure is required. *See id.* § 552.326(a).

### B. Analysis

The issue before us is whether the TPIA allows a requestor to sue for a writ of mandamus prior to the Attorney General issuing a decision when the governmental body has requested one. The City contends that the TPIA requires the Attorney General to render a decision before a mandamus suit may be filed. Appellees argue that no such requirement has been or should be read into the TPIA.

6

As previously noted, section 552.321(a) sets out three scenarios under which the Attorney General or a requestor may file a mandamus suit. First, if a governmental body fails to request an Attorney General decision in the time permitted, the information is presumed to be open to public disclosure, and the governmental body must release the information. *See id.* § 552.321(a). If it fails to do so, the requestor may file suit for a writ of mandamus. *See id.* Second, if the Attorney General has rendered a decision and the governmental body has failed to comply with the decision, the Attorney General or the requestor may then file suit. *See id*. Finally, either the Attorney General or the requestor may file suit, if the governmental body "refuses to supply public information." *Id.*

Appellees argue that the third scenario applies here. That is, they argue that the City refused to release public information and they were therefore entitled to file a mandamus suit. In support of their argument, appellees point out that the legislature did not qualify the word "refuse" by including exceptions for cases in which the government body has requested an Attorney General ruling.[2] That

_____

[2]    Appellees rely on *Thomas v. Cornyn*, 71 S.W.3d 473, 486 (Tex. App.—Austin 2002, no pet.) (noting that mandamus statute "does not qualify the word 'refuse' by including an exception for cases in which the governing body has filed a suit against the attorney general under the Act, and we will not read such an exception into the statute."). That reliance is misplaced. In *Thomas*, the Attorney General had *already* rendered a decision on the nature of the information. According to section 552.324(a)(2), a governmental body may sue for declaratory relief from compliance with an *already issued* decision by the Attorney General. The *Thomas* court correctly determined that the suit for writ of mandamus filed *after* the Attorney General decision and *before* the suit for declaratory relief had been

7

reading, however, is unpersuasive. Though the term "refuse" is not qualified, the term "information" is. *See id.* § 552.321(a) (permitting suit for writ of mandamus where "governmental body refuses to supply *public* information") (emphasis added). Because the TPIA carves out numerous exceptions to disclosure of certain types of information and establishes procedures to determine whether information falls under those exceptions, it is illogical to presume that information is public while its very status is being challenged. Additionally, considering that the statute explicitly states when information is presumed to be public—i.e., if the governmental body has not made an Attorney General request—it does not stand to reason that information should be considered public when a request has been made.

Not only does the statute clearly provide *when* a mandamus suit may be filed, but it is equally clear that the Attorney General must render a decision on the nature of the information in question. The City contends that the TPIA is a comprehensive regulatory scheme under which the Attorney General must issue a decision *before* a mandamus suit may be filed.[3] It argues that because the Attorney

decided was a valid one, pointing to the relevant provision in 552.325(a) allowing a requestor to intervene in such suits. The language that appellees cite from *Thomas* is clearly applicable only to fact patterns involving governmental bodies' suits against the Attorney General, not for suits for writ of mandamus prior to an Attorney General ruling.

[3]     An agency has exclusive jurisdiction when it is clear that the legislature instituted a pervasive regulatory scheme meant to be the exclusive means of remedying certain problems targeted by the legislation. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). If an agency has

General did not issue a decision in this case before appellees filed their suit, the jurisdictional prerequisite for filing suit under section 552.321 was not met. Appellees, citing past Attorney General decisions, contend that the Attorney General may—indeed, must in this case—defer to courts' decisions when certain issues are being litigated.

The Attorney General, however, has already weighed in on this debate: Open Records Decision No. 687 concludes that "in accordance with its legislatively[] mandated function, the Attorney General has a statutory directive to rule on a PIA disclosure question in the first instance in advance of judicial review." Tex. Att'y Gen. OR2011-687. After acknowledging the previous agency decisions cited by appellees in which the agency had declined to issue an opinion when that same question was pending before a court, the Attorney General ruled that "this litigation policy is withdrawn and is no longer applicable to the PIA ruling process." *Id.*

This decision is significant in several ways. First, it notes that the Attorney General may not refuse to fulfill his duty to render open records decisions. *See Hous. Chronicle Publ'g Co. v. Mattox*, 767 S.W.2d 695, 698 (Tex. 1989). Second,

exclusive jurisdiction, a party must exhaust all administrative avenues before asking for judicial review of the agency's action. *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 1999). Otherwise, a trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *See Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992).

it points out the 1999 revisions to the TPIA, which expanded the scope of the Attorney General's role. In particular, the decision highlights the addition of section 552.011, which charges the Attorney General with "maintain[ing] uniformity in the application, operation, and interpretation of this chapter." The decision then concludes that the detailed statutory scheme under which the Attorney General's open records ruling process operates, as well as the lack of any language affirmatively directing the Attorney General to decline to issue an open records ruling for the benefit of the public, demonstrate that such Attorney General decisions are, indeed, mandatory. Finally, Open Records Decision No. 687 offers insights into the policy considerations underpinning the Attorney General's expanded role under the statute. Vesting the Attorney General with the role of evaluating requests by governmental bodies to withhold putatively excepted information is both more efficient, avoiding the expense of court action, and more democratic, allowing Texans equal access to information regardless of their ability to secure legal representation. The decision concludes by stating that "there is little to commend a rule that would avoid ruling on a pending question where the Attorney General has not previously spoken." Tex. Att'y Gen. OR2011-687.

We agree with the Attorney General's interpretation.[4] The TPIA is a comprehensive statutory scheme under which "the Attorney General [is] the first arbiter of openness before Texans can be denied access to their government's records." *See* Tex. Att'y Gen. OR2011-687 (noting that, in enacting TPIA, legislature "set[] out a detailed statutory scheme . . . which . . . evidences [its] intention that the Attorney General play a critical, quasi-judicial role when a governmental body wishes to avoid releasing information requested pursuant to the PIA."); *see also Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 121 (Tex. 2011) (Wainwright, J., concurring) (describing TPIA as "comprehensive scheme arming the public with statutory mandates for the government to disclose information . . . ."). Although district courts have subject matter jurisdiction under the TPIA, that jurisdiction only arises after the Attorney General has ruled. *See* TEX. GOV'T CODE ANN. § 552.321(a).

Appellees filed suit for writ of mandamus before the Attorney General issued a ruling on the information that the City sought to withhold. Because

---

[4] Although not binding authority on appellate courts, we give due consideration to the Attorney General on questions involving the TPIA. *See Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996) (explaining that Attorney General opinions are "persuasive but not controlling" authority); *City of Lubbock v. Cornyn*, 993 S.W.2d 461, 463 (Tex. App.—Austin 1999, no pet.) (recognizing due consideration to be given Attorney General decisions especially in cases involving TPIA); *City of Hous. v. Hous. Chronicle Publ'g Co.*, 673 S.W.2d 316, 322 (Tex. App.—Houston [1st Dist.] 1984, no writ) ("While opinions of the Attorney General are not binding upon the courts, they should be given great weight.").

11

appellees failed to exhaust their administrative remedies before doing so, the trial court lacked subject matter jurisdiction over their mandamus suit. As such, the trial court erred in denying the City's plea to the jurisdiction. We sustain the City's first issue.

## Conclusion

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment that appellees' claims against the City are dismissed for want of jurisdiction.

Jim Sharp
Justice

Panel consists of Justices Bland, Sharp, and Massengale.

Tab I

# IN THE SUPREME COURT OF TEXAS

════════════
No. 14-0015
════════════

RANDALL KALLINEN AND PAUL KUBOSH, PETITIONERS,

v.

THE CITY OF HOUSTON, RESPONDENT

════════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
════════════════════════════════════════════════════════════

## JUDGMENT

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from the Court of Appeals for the First District, and having considered the appellate record and parties' briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1, concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The court of appeals' judgment is reversed;

2) The case is remanded to the court of appeals for further proceedings consistent with this Court's opinion; and

3) Petitioners Randall Kallinen and Paul Kubosh shall recover, and Respondent City of Houston shall pay, the costs incurred in this Court.

Copies of this judgment and the Court's opinion are certified to the Court of Appeals for the First District and to the District Court of Harris County, Texas, for observance.

Opinion of the Court delivered Per Curiam

March 20, 2015

*********

# IN THE SUPREME COURT OF TEXAS

════════════

No. 14-0015

════════════

RANDALL KALLINEN AND PAUL KUBOSH, PETITIONERS,

v.

THE CITY OF HOUSTON, RESPONDENT

═══════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

═══════════════════════════════════════════════════════

**PER CURIAM**

The Texas Public Information Act ("PIA"), Chapter 552 of the Texas Government Code, "guarantees access to public information, subject to certain exceptions." *Tex. Dep't Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). The PIA provides that when a governmental body receives a written request for information for which it wishes to claim an exception, it must timely seek a ruling from the Attorney General if the exception's applicability to the requested information has not previously been determined. TEX. GOV'T CODE § 552.301(a); *see also id*. § 552.301(g). But the PIA also provides that a requestor may sue to compel disclosure of the information. TEX. GOV'T CODE § 552.321(a). In this case, the court of appeals held that a trial court lacks subject matter jurisdiction over such a suit until the Attorney General rules. 414 S.W.3d 815, 820 (Tex. App.—Houston [1st Dist.] 2013). We disagree.

Invoking the PIA, Randall Kallinen requested information from the City of Houston regarding a study of traffic light cameras it had commissioned. The City produced a large number of documents but withheld some and timely asked the Attorney General for an opinion on whether the PIA excepted the withheld information from disclosure. The PIA gives the Attorney General forty-five business days to issue opinions, though the time can be extended. TEX. GOV'T CODE § 552.306(a). But before this time elapsed and before the Attorney General ruled, Kallinen sued for a writ of mandamus to compel the City to disclose the withheld information. The City moved to abate the lawsuit pending the Attorney General's ruling, but the Attorney General closed his file when he was alerted to the suit. At the time, the Attorney General did not interpret the PIA to require an open records ruling on issues already in litigation. *See* Tex. Att'y Gen. OR2011-687 (citing Tex. Att'y Gen. OR1990-560 at 3 (declining to rule on sensitive information on the ground the issues should be resolved in the pending Texas prison litigation), and *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 671 (Tex. 1995) (noting in dicta that the Attorney General withdrew his opinion pending litigation on PIA questions)).

The City filed a plea to the jurisdiction, arguing that the court lacked jurisdiction over the suit until the Attorney General ruled. The district court overruled the plea, granted summary judgment for Kallinen, ordered disclosure of many of the withheld documents, and awarded Kallinen $175,664 in attorney fees through appeal to this Court.

The City complied with the order to disclose but appealed the attorney fee award. The parties agree that the only basis for the trial court's jurisdiction is Section 552.321(a) of the PIA. That

2

provision, with subsections inserted in brackets for ease of reference, conditions the court's exercise

of jurisdiction as follows:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body **[A]** refuses to request an attorney general's decision . . . or **[B]** refuses to supply **[1]** public information or **[2]** information that the attorney general has determined is public information that is not excepted from disclosure.

TEX. GOV'T CODE § 552.321(a). The parties agree that conditions A and B2 do not apply. The court

of appeals reasoned that condition B1 cannot apply when the governmental body is challenging

whether an exception to disclosure applies because the information has not yet been determined to

be public. 414 S.W.3d at 818. Accepting the City's argument, the court stated that the Attorney

General must determine whether information is subject to disclosure when asked to do so, that he

has exclusive jurisdiction to make that determination in the first instance, that the requestor of

information must exhaust all administrative remedies before suing, and that therefore a trial court's

jurisdiction over a requestor's suit "only arises after the Attorney General has ruled." *Id.* at 818–20.

The City's position is flawed in several respects. First, it equates information that is public

with information that has been determined by the Attorney General to be public, so that condition

B2 swallows up condition B1. This violates a duty of statutory interpretation to "give effect to all

the words of a statute and not treat any statutory language as surplusage if possible." *Chevron Corp.

v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987).

Further, the City's view of Section 552.321(a) would relegate mandamus relief to compelling

a governmental body to request an Attorney General's decision and then comply with it. The

correctness of that decision would be unreviewable. But we have reviewed the Attorney General's

3

rulings. *See Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 113*; In re City of Georgetown*, 53 S.W.3d 328, 329–36 (Tex. 2001). And we have interpreted PIA exceptions without a ruling by the Attorney General. *See City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 358–64 (Tex. 2000); *A & T Consultants, Inc.*, 904 S.W.2d at 671, 674–81. The court of appeals' interpretation ignores these cases.

The City argues, and the court of appeals held, that requestors of information should be required to exhaust their remedies in placing disputes before the Attorney General before resorting to the courts. But requestors have no such remedies. While the Attorney General may invite their arguments, they have no right to request or demand a ruling or disclosure from the Attorney General, and no right to an administrative appeal. *See* TEX. GOV'T CODE § 552.304. Requestors cannot be required to finish something they have no right to start. The requirement that a governmental body seek a ruling from the Attorney General when withholding requested information is a check on the governmental body, not a remedy for the requestor to exhaust. And again, the City's view of Section 552.321(a) would make the Attorney General's ruling unreviewable.

The City argues that because information is generally "presumed to be subject to required public disclosure" when a governmental body fails to timely request an Attorney General's ruling, TEX. GOV'T CODE § 552.302, the information should not be considered public when a ruling is requested. But the premise cannot establish its converse. One may infer from a governmental body's failure to request a ruling that the body is not claiming an exclusion, else it would advance its position in compliance with prescribed procedures. *See* TEX. GOV'T CODE § 552.301. One

4

cannot likewise infer that just because a governmental body properly seeks an Attorney General's ruling, its exclusion claim must be correct.

The Attorney General advises in an amicus brief that he does not claim exclusive jurisdiction to decide open records issues. Consistent with that position, at the time of the City's request for a ruling, as noted above, the Attorney General's policy was not to rule on issues in litigation. *See* Tex. Att'y Gen. OR2011-687. In reversing that policy, he does not claim the authority to rule without court review.

A requestor of information certainly has the choice to await the Attorney General's decision. A governmental body may decide to release the requested information during the process and on receipt of an adverse opinion from the Attorney General. Efficiency may counsel patience. But the governmental body is entitled to insist on its position to a final ruling, *see* TEX. GOV'T CODE § 552.324, and a requestor is not required to defer a suit for mandamus.

A court may decide, exercising sound discretion, to abate proceedings to await the Attorney General's ruling. The Attorney General characterizes its authority as akin to primary jurisdiction, a prudential doctrine that applies when an agency is "staffed with experts trained in handling the complex problems in the agency's purview" and there is a benefit to be "derived from [the] agency[] uniformly interpreting its laws, rules, and regulations." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). The Legislature has expressly charged the Attorney General with maintaining "uniformity in the application, operation, and interpretation" of the PIA, TEX. GOV'T CODE § 552.011, and the Office of the Attorney General is experienced in interpreting and applying the subchapter C exceptions. If the court determines that under the circumstances of

5

a particular case a decision from the Attorney General before adjudication of the merits of disclosure would be beneficial and any delay would not impinge on a requestor's right to information, abatement would be within the court's discretion.

The court of appeals erred in dismissing Kallinen's suit for want of jurisdiction. Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand to that court for further proceedings in accordance with this opinion. TEX. R. APP. P. 59.1.


Opinion issued: March 20, 2015

Tab J



## ORDER FOR SUPPLEMENTAL BRIEFING ON REMAND

Case name: City of Houston, Appellant v.
Randall Kallinen and Paul Kubosh, Appellees

Cause No. 01-12-00050-CV

This court is in receipt of the mandate of the Texas supreme court in this appeal. The parties may file supplemental briefing if they believe it will aid this court's consideration of the issues on remand. The appellant's supplemental brief is due by October 9, 2015. The appellees' brief is due 30 days after the appellant's brief is filed, or by November 9, 2015, whichever is later.

Judge's signature: /s/ Jane Bland
Jane Bland
Justice, acting individually

Date: September 3, 2015